FILED
United States Court of Appeals
Tenth Circuit

January 10, 2023

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JANE DOE,

    Plaintiff - Appellant,

v.

PAUL WANG,

    Defendant - Appellee.

-----------------------------

EUGENE VOLOKH,

    Intervenor.

No. 22-1200
(D.C. No. 1:20-CV-02765-RMR-MEH)
(D. Colo.)

_____

**ORDER**
_____

    This matter is before the court on Jane Doe's Motion to Strike Brief of Intervenor-Appellee Eugene Volokh, and Eugene Volokh's alternative Motion to Intervene or Motion to Treat Intervenor-Appellee's Brief as *Amicus Curiae* Brief and Motion for Extension of *Amicus Curiae* Brief Word Limit. Professor Volokh and Mr. Wang have responded to Ms. Doe's motion, and Ms. Doe has responded to Prof. Volokh's alternative motions.

    Ms. Doe moves to strike Prof. Volokh's response brief because it exceeds the scope of his limited intervention in the district court. Prof. Volokh opposes Ms. Doe's motion but alternatively moves to (1) intervene in this appeal or (2) have his response

brief deemed an amicus brief. Mr. Wang opposes Ms. Doe's motion, but asks for time to file a separate response brief if the court strikes Prof. Volokh's brief. At the specific direction of the panel assigned to decide the merits of this appeal, the court grants Ms. Doe's motion to strike Prof. Volokh's response brief, denies Prof. Volokh's alternative motions, and allows Mr. Wang time to file a separate response brief.

*Ms. Doe's Motion to Strike Prof. Volokh's Response Brief:*

The district court permitted Prof. Volokh to intervene in this case for a specific and narrow purpose: "solely to challenge the restriction of documents." R., Vol. 1 at 112. There is no issue raised in this appeal regarding the restriction of documents in the district court. Prof. Volokh's response brief instead addresses the order on appeal, which required Ms. Doe to proceed under her real name in this case. But Prof. Volokh did not seek, nor was he allowed, to intervene on that issue in the district court. The court is not persuaded that the scope of Prof. Volokh's limited intervention in the district court extends to the issue whether Ms. Doe can proceed under a pseudonym in this case. At the specific direction of the panel assigned to decide the merits of this appeal, the court therefore grants Ms. Doe's motion to strike Prof. Volokh's response brief.

After submitting a deficient response brief, Mr. Wang elected to join in Prof. Volokh's response brief rather than correcting the deficiencies in his own brief. Consequently, Mr. Wang has not filed a separate response brief in this appeal. Because Prof. Volokh's response brief is now stricken, Mr. Wang may file a response brief no later than 5:00 p.m. MST on January 24, 2023. Ms. Doe may file a brief in reply to Mr. Wang's response brief.

*Prof. Volokh's Motion to Intervene:*

Prof. Volokh alternatively moves to intervene in this appeal and have his already filed response brief accepted as an intervenor-appellee's brief. He seeks permissive intervention under Federal Rule of Civil Procedure 24(b), the prerequisites of which apply to intervention on appeal. *See Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1102 (10th Cir. 2005). Where, as here, intervention was not sought in the district court to address the issue on appeal, "intervention on appeal will be permitted only in an exceptional case for imperative reasons." *Id.* at 1103 (internal quotation marks omitted). Prof. Volokh does not demonstrate this is an exceptional case or identify any imperative reason for his intervention in this appeal on the issue whether Ms. Doe may proceed under a pseudonym. At the specific direction of the panel assigned to decide the merits of this appeal, the court therefore denies Prof. Volokh's motion to intervene in this appeal and directs the Clerk of Court to amend the caption of this appeal to remove the "Appellee" designation associated with Prof. Volokh.

*Prof. Volokh's Motion to Deem His Response Brief an Amicus Brief:*

Prof. Volokh alternatively moves to have the court deem his already filed response brief an amicus brief or grant him leave to refile that brief as a timely amicus brief. He asserts his brief will be helpful to this court's decision-making process. Ms. Doe opposes Prof. Volokh's motion, arguing it is untimely. She also contends that, if deemed an amicus brief, Prof. Volokh's response brief improperly raises arguments Mr. Wang has not raised. *See Tyler v. City of Manhattan*, 118 F.3d 1400, 1404 (10th Cir. 1997) (noting

this court will reach arguments raised solely in an amicus brief "only in exceptional circumstances").

At the specific direction of the panel assigned to decide the merits of this appeal, the court denies Prof. Volokh's motion to deem his response brief an amicus brief. Prof. Volokh may instead move to file an amicus brief supporting Mr. Wang after Mr. Wang files his response brief. Any such motion and brief must comply with Federal Rule of Appellate Procedure 29.

                                          Entered for the Court

                                          CHRISTOPHER M. WOLPERT, Clerk