# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| | Case No. 22-1200 |
| JANE DOE<br>　　　Plaintiff/Petitioner - Appellant,<br><br>v.<br><br>PAUL WANG<br>　　　Defendant/Respondent - Appellee. | Third Motion to Seal and Redact Records |

Double sided

JANE DOE (Appellant) in the captioned case moves this court to seal motion to disclose the identity of the author(s) of appellant's filings and replace it with redaction.

Pursuant to 10th Cir. R. 27.1, Appellant contacted opposing parties in advance of filing this motion. Both Eugene Volokh and Paul Wang indicated that they would oppose this motion.

A party seeking to seal judicial records can "overcomes a presumption in favor of access to judicial records by 'articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.' " *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (alteration in the original) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) ). "And the public's interest in access to judicial records is

1

lessened when the contents are not used to determine the litigant's substantive legal rights." *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016).

The information Appellant seeks to redact is the case in which Appellant has a protective order protecting her identity being identified in public.

Three considerations compel the conclusion that sealing and redacting are appropriate here. First, one factor that weighs in favor of sealing documents is when the release of the documents will cause harm. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016). "[I]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); see also *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir.2011). The improper purposes, or the relevant harm in the context of this case is to deprive Appellant's of protection of her privacy rights and eventually leads to the harassment and violence against her. See Appellant's Reply in Support of her first motion to seal and redact records. Appellant has articulated a strong interest in sealing and redacting. Second, the public's right to view judicial records can be preserved by a redacted version of the documents proffered under seal. This publicly available—albeit redacted— version of the documents leaves the content visible in significant measure. Finally, the documents hardly serve any role in resolution of this appeal. See *Lenox*

2

*MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1246 n.14 (10th Cir. 2017) (Holding sealing is appropriate because the documents at issue "play[ed] no role in our resolution of this appeal."); *United States ex rel. Reed v. Keypoint Gov't Sols.*, 923 F.3d 729, 772 n.22 (10th Cir. 2019) (Granting motion to seal despite Response Brief references the unredacted materials due to non-reliance on the underlying unredacted documents in deciding the appeal.)

    As such, Appellant requests this court to seal motion to disclose the identity of the author(s) of appellant's filings and replace it with redaction as proposed and attached herein.

Dated: September 8, 2022                    Respectfully submitted,

                                                        */s/ Jane Doe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing by USPS mail with the Clerk of Court. CM/ECF system will send notification of such filing to the following email addresses:

- **Katayoun A. Donnelly**
  katy@kdonnellylaw.com, katayouna@hotmail.com

- **Eugene Volokh**
  volokh@law.ucla.edu, eugenevolokh@recap.email

Dated: September 8, 2022

*/s/ Jane Doe*

*Proposed Redaction*

No. 22-1200

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

JANE DOE, Plaintiff-Appellant,

v.

PAUL WANG, Defendant-Appellee,

EUGENE VOLOKH, Intervenor-Appellee.

On Appeal from the United States District Court
for the District of Colorado
The Honorable Regina M. Rodriguez and the Honorable Michael E. Hegarty,
D.C. No. 1:20-CV-02765-RMR-MEH

## MOTION TO DICLOSE THE IDENTITY OF THE
## AUTHOR(S) OF APPELLANT'S FILINGS

Katayoun A. Donnelly
*Azizpour Donnelly LLC*
2373 Central Park Blvd., Suite 100
Denver, CO 80238
720-675-8584
katy@kdonnellylaw.com

Defendant-Appellee Paul Wang respectfully requests that this Honorable Court order Appellant to disclose the identity of the author(s) of her filings. As grounds he sates:

***Conferral***—Wang has conferred with Appellant. She objects to this motion. Professor Volokh does not object.

On July 8, 2022, the District Court granted Appellant's appointed counsel's motion to withdraw. (Doc. 178.) Since then, Appellant has been proceeding *pro se* and has submitted multiple filings to this Court and the district court. *See, e.g.*, Opening and Reply Briefs, Motions to Strike and to Redacts; District Court Case No. 1:20-CV-02765, Doc. 183. On August 25, 2022, in an email exchange with Judge Michael Hegarty, Appellant requested that Mr. Wang provide her (at his expense) a Cantonese interpreter during her deposition, which is scheduled on September 22, 2022.

### *This Court requires* pro se *litigants to disclose the author(s) of their filings*

This Court has held that "any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved" and "an attorney must refuse to provide ghostwriting assistance unless the client specifically commits herself to disclosing the attorney's assistance to the court upon filing." *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) (cleaned up).

In addition, considering the sophistication of the legal content and presentation of Appellant's filings and her simultaneous request for an interpreter—combined with her litigation history, *see, e.g.*, Mr. Wang' briefings of the Motion for Reconsideration of the

1

November 10, 2020 Order Allowing Plaintiff to Proceed Under Pseudonym, Docs. 101, 109, and motion for sanctions, Supp. ROA, 20-445 (Doc. 132, 144, 160, 162)—it appears that either she is not the author of these filings or that her request for an interpreter is yet another example of her litigation behavior that the ▅▅▅▅ has described as "flagrant abuse of the judicial process." ▅▅▅▅ WL [withheld], *3 n.1 ▅▅▅▅).

Mr. Wang respectfully requests that the Court, pursuant to its holding in *Duran*, order Appellant to disclose the identity of the author(s) of her filings.

Respectfully submitted this 6th day of September 2022.

/s/ *Katayoun A. Donnelly*
Katayoun A. Donnelly
AZIZPOUR DONNELLY LLC
2373 Central Park Blvd., Suite 100
Denver, CO 80238
Phone: (720) 675-8584
Email: katy@kdonnellylaw.com

2

## CERTIFICATIONS

I certify that the following is true and correct to the best of my knowledge and belief, formed after a reasonable inquiry:

(1) This pleading is proportionally spaced and complies with the applicable type-volume limitations.

(2) This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6). This brief has been prepared in a proportionally-spaced typeface using Microsoft Word in 14 pt. Times New Roman.

(3) Any required privacy redactions have been made.

(4) If required to file additional hard copies, the ECF submission is, except for any redactions, an exact copy of those hard copies.

(6) The ECF submission was scanned for viruses with the most recent version of a commercial virus-scanning program Avast Security Mac (Version 14.3), which is continuously updated, and, according to the program is free of viruses.

(7) On September 6, 2022, I electronically filed the foregoing using the CM/ECF system. I also emailed a copy to Appellant, who has confirmed her consent to accept service via email.

/s/ *Katayoun A. Donnelly*
Katayoun A Donnelly

3



Clerk's Office
1823 Stout Street
Denver, CO 80257

Scanned by US Marshal