FILED
United States Court of Appeals
Tenth Circuit

January 10, 2023

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| JANE DOE, | |
|     Plaintiff - Appellant, | |
| v. | No. 22-1200 |
| PAUL WANG, | (D.C. No. 1:20-CV-02765-RMR-MEH)<br>(D. Colo.) |
|     Defendant - Appellee. | |
| ------------------------------ | |
| EUGENE VOLOKH, | |
|     Intervenor. | |

_____

**ORDER**

_____

    This matter is before the court on Paul Wang's Motion to Disclose the Identity of the Author(s) of Appellant's Filings and Jane Doe's response to Mr. Wang's motion. Ms. Doe is proceeding pro se in this appeal. Based upon the legal content and presentation of Ms. Doe's filings, Mr. Wang contends she is not their sole author. At the specific direction of the panel assigned to decide the merits of this appeal, the court grants Mr. Wang's motion.

    "We do not allow . . . ghostwritten briefs." *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) (per curiam). This court requires disclosure of attorney ghostwriting because an attorney's provision of substantial legal assistance to a pro se party both

inappropriately shields the attorney from accountability for his actions and affords the pro se party the unwarranted benefit of a liberal construction of her filings. *See id.* at 1271-72. "[T]he participation by an attorney in drafting an appellate [filing] is per se substantial, and must be acknowledged by signature." *Id.* at 1273. Moreover, a failure to disclose attorney ghostwriting "constitutes a misrepresentation to this court *by litigant and attorney*." *Id.* at 1272 (emphasis added).

In response to Mr. Wang's motion, Ms. Doe does not state she is the sole author of, and no attorney has participated in drafting, her filings in this appeal. Ms. Doe's filings are legally sophisticated and her citations are accurate and in the correct form. This court has an interest in protecting the integrity of the appeal process by not giving Ms. Doe's filings an unwarranted liberal construction if any attorney has participated in drafting them.

Therefore, at the specific direction of the panel assigned to decide the merits of this appeal, the court orders Ms. Doe, within five days of the date of this order, to supplement her filings in this appeal with a declaration, signed in her real name under penalty of perjury, stating that no attorney participated in drafting any of the filings she has made in this court. If Ms. Doe is unable to make this statement as to any previous filing, the court orders her to supplement that filing within five days of the date of this order by providing the name and address of any attorney who participated in drafting that filing. Any new filing Ms. Doe makes in this appeal must be accompanied by either a declaration, signed in her real name under penalty of perjury, stating that no attorney participated in drafting that filing, or a disclosure of the name and address of any attorney

who participated in drafting that filing. Ms. Doe may file under seal any declaration in her real name under penalty of perjury that she submits pursuant to this order.

> Entered for the Court
>
> CHRISTOPHER M. WOLPERT, Clerk