UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| JANE DOE<br>　　Plaintiff/Petitioner - Appellant,<br><br>v.<br><br>PAUL WANG<br>　　Defendant/Respondent - Appellee. | Case No. 22-1200<br><br>Fifth Motion to Seal and Redact Records |

  JANE DOE (Appellant) in the captioned case moves this court to seal (1) motion for Leave to File an Amici Curiae Brief; and (2) Propose Amici Curiae Brief; and replace them with redaction.

  Pursuant to 10th Cir. R. 27.1, Appellant contacted opposing parties in advance of filing this motion. Both Eugene Volokh and Paul Wang indicated that they would oppose this motion.

  A party seeking to seal judicial records can "overcomes a presumption in favor of access to judicial records by 'articulat[ing] a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.' " *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) (alteration in the original) (quoting *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124,

1135–36 (10th Cir. 2011) ). "And the public's interest in access to judicial records is lessened when the contents are not used to determine the litigant's substantive legal rights." *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016).

Three considerations compel the conclusion that sealing and redacting are appropriate here. First, one factor that weighs in favor of sealing documents is when the release of the documents will cause harm. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016); *Brown v. Flowers*, 974 F.3d 1178, 1188 (10th Cir. 2020) (ordering the plaintiff's counsel to remove any copies of jail records **he posted online** after deciding that those exhibits should be sealed out of concern for the safety of those who live and work in jails). "[I]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); see also *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir.2011). The improper purposes, or the relevant harm in the context of this case is to deprive Appellant's of protection of her privacy rights and eventually leads to the harassment and violence against her. See Appellant's Reply in Support of her first motion to seal and redact records. Appellant has articulated a strong interest in sealing and redacting. Second, the public's right to view judicial records can be preserved by a redacted version of the documents proffered under seal. This publicly available—albeit

redacted— version of the documents leaves the content visible in significant measure. Finally, the documents hardly serve any role in resolution of this appeal. See *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1246 n.14 (10th Cir. 2017) (Holding sealing is appropriate because the documents at issue "play[ed] no role in our resolution of this appeal."); *United States ex rel. Reed v. Keypoint Gov't Sols.*, 923 F.3d 729, 772 n.22 (10th Cir. 2019) (Granting motion to seal despite Response Brief references the unredacted materials due to non-reliance on the underlying unredacted documents in deciding the appeal.) See Appellant's opposition to motion for Leave to File an Amici Curiae Brief.

As such, Appellant requests this court to seal (1) motion for Leave to File an Amici Curiae Brief; and (2) Proposed Amici Curiae Brief; and replace them with redaction.

Appellant also requests the court to permit her to provide proposed redaction according to the court's ruling on Appellant's first motion to seal and redact records.

Dated: March 11, 2023                                    Respectfully submitted,

                                                         */s/ Jane Doe*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing by USPS mail with the Clerk of Court. CM/ECF system will send notification of such filing to all ECF registered users.

Dated: March 11, 2023

                                                         */s/ Jane Doe*