No. 22-1200

# In the United States Court of Appeals for the Tenth Circuit

Jane Doe,

           *Plaintiff – Appellant*,

v.

Paul Wang,

           *Defendant – Appellee*,

Eugene Volokh,

           *Intervenor*.

On Appeal from the United States District Court
for the District of Colorado, No. 1:20-cv-02765,
Judge Regina M. Rodriguez

**Reply of the Colorado Freedom of Information Coalition, the Colorado Press Association, and Eugene Volokh in Support of Their Motion for Leave to File an *Amici Curiae* Brief in Support of Appellee**

EUGENE VOLOKH
UCLA School of Law
Amicus Brief Clinic
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## Reply

### I. The Proposed *Amicus* Brief Elaborates on the Arguments Made in Appellee Wang's Brief

"[A]n *amicus* brief can be helpful in elaborating issues properly presented by the parties," though generally not in "injecting new issues into an appeal." *New Jersey Retail Merchants Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 382 n.2 (3d Cir. 2012) (cleaned up). The arguments in the proposed *amicus* brief indeed elaborate on the issues raised by appellee Wang's brief:

   a. Parts I to III of the *amicus* brief argue that the normal presumption against pseudonymity fully applies here, in support of the arguments made in Parts I and II of Wang's brief.

   b. Part IV of the *amicus* brief argues that this Court should not retroactively grant pseudonymity, given that Doe's name is now publicly available; this supports the argument made on pp. 13-14 of Wang's brief.

   c. Part V of the *amicus* brief argues that Wang's motion for reconsideration was timely filed, in support of the arguments made in Part III of Wang's brief.

1

>  d. Part VI of the *amicus* brief argues that the District Court properly granted Wang's motion for reconsideration, in support of the arguments made in Part IV of Wang's brief.

To be sure, *amici* cite somewhat different precedents, and make their arguments in more depth. But that is a proper function of *amicus* briefs, which of course are supposed to "avoid repetitious argument," rather than just echoing a party's assertions, see Fed. R. App. P. 29 cmt. to subd. (e). Indeed, appellant Doe's assertion that "No special circumstances exist here justifying reaching issues raised solely by amici" and that "courts do not consider lines of argument beyond those in the parties' briefing," Opp. at 3, is not accompanied by any specific explanation of how the *amicus* brief supposedly raises new issues.

## II.  The Proposed *Amicus* Brief Can Assist the Court in Deciding Whether to "Affirm [the] Lower Court's Ruling on Any Grounds Adequately Supported by the Record"

This Court "can affirm a lower court's ruling on any grounds adequately supported by the record, even grounds not relied upon by the district court." *United States v. Nevarez*, 55 F.4th 1261, 1264 n.1 (10th Cir. 2022) (internal quotation marks omitted). This is true even if the parties

had entirely missed the argument in favor of affirming: *Nevarez* quoted that legal rule in a footnote attached to the statement that, "[w]e need not resolve the parties' disagreement on this front, however, because both parties ignore a simple, but dispositive fact about the statements in question." *Id.* at 1264. Indeed, courts "may affirm on any ground supported by the record, including those disavowed by the parties." *United States v. Gray*, 855 F. App'x 281, 283 (6th Cir. 2021) (cleaned up). This Court "has long said that [it] may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

It follows that *amicus* briefs should be able to offer assistance to the Court in doing this. In the words of *Cherry Hill Vineyard, LLC v. Baldacci*, 505 F.3d 28, 32 (1st Cir. 2007) (citations omitted),

> We note, with appreciation, that five separate sets of amici have filed helpful briefs (all of them urging affirmance of the judgment below). There is an interesting wrinkle concerning the arguments advanced by the amici. The plaintiffs, citing [two of] our decisions . . ., argue that amici cannot raise new arguments. In both of the cited cases, however, amici wished to advance novel arguments on behalf of *appellants*. Here, the amici have appeared in support of

3

> the *appellees*. Given our settled rule that an appellate court may affirm the entry of summary judgment on any ground made manifest by the record, this is quite probably a material difference.

The First Circuit ultimately affirmed "on the basis of a line of argument consistently propounded by" appellee, *id.*, which would also make sense here, since the appellee propounded the arguments that *amici* elaborate on. But even if this Court concludes that *amici*'s arguments in some measure go beyond appellee Wang's, the First Circuit's reasoning explains why those arguments should still be considered. And it is consistent with this Court's view that our "reluctance to command do-overs in the district court is also why we treat arguments for *affirming* the district court differently than arguments for *reversing* it," sometimes affirming based even on arguments not "presented to us on appeal" by the parties. *Richison, supra*, 634 F.3d at 1130.

To the extent that this Court has at times declined to consider arguments from *amici* supporting appellees (and thus supporting the judgment below), this was done without expressly discussing the appellant/appellee distinction, and thus does not resolve the question. "'Questions which merely lurk in the record, neither brought to the attention of the

4

court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'" *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 170 (2004) (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)); *see also, e.g.*, *Modoc Lassen Indian Hous. Auth. v. United States Dep't of Hous. & Urb. Dev.*, 881 F.3d 1181 (10th Cir. 2017) (one of many cases from this Court adopting the same position, quoting *Cooper*). Thus, even to the extent the *amicus* brief's arguments go in some measure beyond those made by Wang, they can be helpful to this Court in its decision whether to affirm the District Court's ruling. But, for reasons given above, the *amicus* brief's arguments are actually elaborations of arguments that Wang had indeed made.

### III. The Proposed *Amicus* Brief Would Not Bypass the Parties' Word Limits

There is no basis here for a concern that the proposed *amicus* brief is "expanding the word limits established by rule for a favored party," Opp. 2. The brief contains 6,487 words, which, when added to the 4,518 words in the appellee's brief, remains well below the 13,000 limit on the appellee's brief.

5

## IV. The Opposition's Substantive Arguments Are Unsound

The entirety of the argument on pp. 4-9 of Doe's opposition to the motion for leave to file the *amicus* brief consists solely of substantive disagreement with the substantive arguments in the proposed *amicus* brief. This reply will therefore not discuss those pages in detail.

*Amici* do want to respond, though, to the opposition's incorrect assertion that the *amicus* brief failed to cite authority for various propositions, *e.g.*, "Volokh failed to cite any legal authority elaborating that future adverse parties' ability to uncover information or settlement negotiating positions was one of the factors in considering on the issue of anonymity," Opp. 4, and "Volokh cited no authority recognizing frequent or vexatious litigants as one of the factors in deciding on the issue of anonymity," Opp. 5. The proposed *amicus* brief expressly quotes and cites a case discussing how attempts to pseudonymize "'may make it more difficult for other courts (and the public) to find his litigation history, which could act to conceal future vexatious litigation,'" Proposed *Amicus* Br. at 18 (citation omitted). The proposed brief likewise expressly quotes and cites cases discussing how pseudonymity can affect the settlement value of a case

6

and "'create an imbalance in settlement negotiating positions'" (which is the proposed brief's argument about settlement). *Id.* at 14-15 (citation omitted).

Perhaps this Court might ultimately find that cited authority, and the proposed brief's arguments based on that authority, to be unpersuasive. But it should not reject the proposed brief for supposed failure to support its arguments.

V. **This Court Should Exercise Its Discretion to Accept the Proposed *Amicus* Brief, and Consider the Brief for Whatever It Is Worth**

Of course, whether to accept an *amicus* brief is within this Court's discretion. But then-Judge Alito's opinion in *Neonatology Associates, P.A. v. Commissioner*, 293 F.3d 128 (3d Cir. 2002), offers a helpful perspective:

> [I]t is frequently hard to tell whether an amicus brief adds anything useful to the briefs of the parties without thoroughly studying those briefs and other pertinent materials, and it is often not feasible to do this in connection with the motion for leave to file. . . . Under these circumstances, it is preferable to err on the side of granting leave. If an amicus brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance.

*Id.* at 132-33. Judge Alito therefore concluded that, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Id.* at 132-33; *see also Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (quoting and endorsing this passage). *Amici* hope that the arguments in their brief will be useful to this Court in its deliberations; and if they prove to be mistaken, then this Court can simply disregard those arguments after the brief is filed.

    Respectfully submitted,

    s/ Eugene Volokh
    Eugene Volokh
    UCLA School of Law
    385 Charles E. Young Dr. E
    Los Angeles, CA 90095
    (310) 206-3926
    volokh@law.ucla.edu
    *Attorney for Proposed Amici Curiae*
    (Institutional affiliation given only for purposes of identification and contact information)

## Certificate of Compliance

This document complies with the word limit of Fed. R. App. P. 27(d)(2), because it contains 1,549 words, excluding the parts of the document exempted by Fed. R. App. P. 27(a)(2)(B).

## Certificate of Service

I filed this document today by e-mailing it to the Clerk's Office (as per the Clerk's Office instructions, stemming from ECF not allowing the filing), and also e-mailed it, at their ECF-registered e-mail addresses, to Plaintiff-Appellant and to Defendant-Appellee's counsel.

March 21, 2023

s/ <u>Eugene Volokh</u>
Eugene Volokh
